IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| BARRY HATHAWAY, | ) | C/A No. 4:08-cv-00491-TLW-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| JOHN R. OWENS, WARDEN; | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Barry Hathaway ("petitioner/Hathaway"), appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] on February 13, 2008. Respondent filed a Return and Memorandum (Document #19) on June 16, 2008 and a Motion to Dismiss (Document #22) on June 17, 2008. The undersigned issued an order filed June 17, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion to dismiss procedure and the possible consequences if he failed to respond adequately. No response has been filed by petitioner.[2]

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the District Judge.

[2] Petitioner has been released from custody and filed a notice of change of address with the court on May 9, 2008. See document # 18 (change of address), and document #22 (respondent's motion to dismiss).

## II. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the petitioner is proceeding pro se so he is entirely responsible for his actions. It is solely through petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to respondent's motion to dismiss or the court's order requiring him to respond. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## III. CONCLUSION

As set out above, a review of the record indicates that the petition should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that the petition be dismissed for failure to prosecute pursuant to Fed.

2

R. Civ. Proc. 41(b).

                                      Respectfully submitted,

                                      <u>s/Thomas E. Rogers, III</u>
                                      Thomas E. Rogers, III
                                      United States Magistrate Judge

August <u>6</u>, 2008
Florence, South Carolina

    **The parties' attention is directed to the important information on the attached notice.**

3