IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| BARRY HATHAWAY, | ) | C/A No. 4:08-cv-00491-TLW-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| JOHN R. OWENS, WARDEN; | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Barry Hathaway ("petitioner/Hathaway"), appearing *pro se*, filed his petition for

a  writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] on February 13, 2008.  Respondent filed a

Return and Memorandum (Document #19) on June 16, 2008 and a Motion to Dismiss (Document

#22) on June 17, 2008.  The undersigned issued an order filed June 17, 2008, pursuant to Roseboro

v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion to dismiss procedure and

the possible consequences if he failed to respond adequately. Petitioner failed to file a response to

a report and recommendation recommending dismissal pursuant to Rule 41b of the Federal Rules

of Civil Procedure was entered on August 6, 2008.[2] On November 20, 2008, petitioner filed a

document captioned "Plaintiff's Response to defendant's Motion to Dismiss and Report and

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC.  Because this is a dispositive motion, this report and recommendation is entered for review by the District Judge.

[2] Petitioner has been released from custody and filed a notice of change of address with the court on May 9, 2008. See document # 18 (change of address), and document #22 (respondent's motion to dismiss).

Recommendation." (Doc. #35). The District Judge considered this document a "response" to the respondent's motion to dismiss and remanded the case to the undersigned for consideration of the "response" in regards to the Motion to Dismiss. (Doc. #39).

## I. ARGUMENT

Petitioner filed this action pursuant to 28 U.S.C. §2241 asserting that he had requested to be placed in protective custody (administrative segregation) while at FCI Williamsburg but that the BOP denied him due process and equal protection in that he did not receive the same privileges as the general population while in the segregated housing unit for protection. In his petition, petitioner requests that he be immediately released from his confinement and that all charges be dismissed.

Respondent filed a Motion to Dismiss asserting that petitioner has failed to exhaust administrative remedies within the BOP and that the action is moot in that petitioner has been released from FCI Williamsburg, is no longer there, and will no longer be housed there.

## II. STANDARD

Respondent brings this motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P. A motion to dismiss under Rule 12 tests the sufficiency of the complaint. It does not resolve conflicts of facts. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the factual allegation in the complaint are accepted as true and the plaintiff is afforded the benefit of all reasonable inferences that can be drawn from those allegations. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130,1134 (4th Cir. 1993). When a claim

2

is challenged under this Rule, the court presumes that all well-pleaded allegations are true, resolves all doubts and inferences in the pleader's favor, and views the pleading in the light most favorable to the non-moving party.

However, as matters outside of the pleadings were submitted by the parties, the undersigned will address this motion under Rule 56 of the Federal Rules of Civil Procedure. In considering a motion for summary judgment, a federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the

3

movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact."  In the <u>Celotex</u> case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof.  <u>Celotex</u>, 477 U.S. at 322-323.

## III.  STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and other habeas corpus statutes.  The review has been conducted in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25, 60 U.S.L.W. 4346, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Nasim v. Warden, Maryland House of Correction</u>, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); <u>Todd v. Baskerville</u>, 712 F.2d 70 (4th Cir. 1983); and <u>Boyce v. Alizaduh</u>, 595 F.2d 948 (4th Cir. 1979).  This court is required to construe *pro se* complaints and petitions liberally.  Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, <u>Leeke v. Gordon</u>, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See* <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980); and <u>Cruz v. Beto</u>, 405 U.S. 319 (1972).  When a

4

federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in this federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

## IV.  DISCUSSION

### A.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

Respondent argues that the petition should be dismissed because petitioner did not exhaust his administrative remedies before proceeding in federal court. Respondent argues that the failure to exhaust should not be excused. Respondent argues that petitioner has admitted that he has not exhausted his administrative remedies on the underlying issues in this action.[3]

In his petition, petitioner stated that "In reference to the remedy procedure that a plaintiff seeking relief by way of 2241 should exhaust his or her administrative remedies before seeking relief, does not apply where the said plaintiff is filing due to constitutional rights, which have and are continuing to be violated causing the said plaintiff to suffer from punishment." (Doc. #1, p. 2). In response to the court's special interrogatories, petitioner asserts that he sent letters but  states in regard to exhausting the BOP administrative remedies that "relying on past results and the answers

---

[3] Respondent's argument that the claims raised are not appropriate under the habeas statute are not addressed in that the undersigned finds that petitioner failed to exhaust his administrative remedies and that the matter is moot due to his release. Both of these reasons for dismissal would apply to either a  habeas action or to a Bivens action.

from the current warden and unit team to continue would be futile . . . " (Doc. # 10). In the

"response" filed by petitioner, he asserts as follows with respect to the exhaustion issue:

> The Plaintiff, Barry Hathaway Jr's "Cop Outs" to the Warden, John R. Owen, was
> not acted upon. See Exhibit J, K, and D2. Furtherance would be futile. Exhaustion
> of administrative remedies is not required where it would be futile.[4]

(Doc. # 35).

The BOP regulations set forth a three-tiered process for an inmate to seek redress for the

alleged deprivation of any right. *See* 28 C.F.R. § 542.10. Administrative exhaustion is required prior

to a § 2241 challenge to computation of a sentence and application of credit. Chua Han Mow v.

United States, 730 F.2d 1308 (9th Cir. 1984), *cert. denied*, 470 U.S. 1031 (1985). When a federal

prisoner fails to exhaust administrative remedies and thereby loses the opportunity to so, his claims

will be deemed procedurally defaulted in a § 2241 proceeding. See Moscato v. Federal Bureau of

Prisons, 98 F.3d 757, 762 (3d Cir. 1996). Although 28 U.S.C. § 2241 does not have an express

exhaustion requirement, federal courts have held that available remedies must be exhausted in §

2241 cases. *See* Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491, 93 S.Ct. 1123, 35

---

[4] There were no exhibits attached to the response. However, a review of the documents
attached to the petition reveals that petitioner attached a copy of a letter entitled "Response to
Attempt at Informal Resolution"from the Counselor and Unit Manager stating that petitioner was
placed in administrative detention at petitioner's request due to feeling his safety was in jeopardy
in the general population. The response also informed petitioner that the special housing unit has
certain precautions that need to be exercised to ensure the safety on inmates. The "Response to
Attempt at Informal Resolution" also informed petitioner that if he was not satisfied with the
response, he had a right to continue his request for administrative remedy by filing a BP-229(13)
to the Warden." (Exhibit I attached to petition). Petitioner also attached to his petition a
"Response to cop-out from Inmate Barry Hathaway" from Warden Owen dated November 23,
2007, informing petitioner that inmates assigned to administrative detention are allowed
privileges that are not allowed to those assigned to the more restrictive environment of
disciplinary segregation and that he was placed in SHU due to petitioner's own request for
protection from another inmate. (Petitioner's exhibit K attached to petition).

L.Ed.2d 443 (1973)(exhaustion required under 28 U.S.C. § 2241; and Moore v. De Young, 515 F.2d 437, 442-443 (3rd Cir.1975) (exhaustion required under  28 U.S.C. § 2241). The Federal Bureau of Prisons has established an administrative procedure whereby a federal inmate may seek review of complaints relating to any aspect of his or her confinement. *See* 28 C.F.R. § 542.10, which was cited in Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir.1986).

The petitioner may informally attempt to resolve the complaint with a staff member. 29 C.F.R. §542.13(a). If informal resolution is not successful, the inmate may file a formal written complaint to the Warden. This complaint must be filed within twenty (20) calender days from the date on which the basis for the complaint occurred. 28 C.F.R. §542.14(a). If the inmate is not satisfied with the Warden's response, that response may be appealed to the Regional Director within twenty (20) calender days from the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an appeal to the General Counsel within thirty (30) calender days of the date the Regional Director signed the response. 28 C.F.R. 418 U.S. 539, 557 (1974): 542.15(a). The petitioner "has no alternative but to comply" with these administrative procedures. Williams v. O'Brien, supra, 792 F.2d at 987. *See also* 28 C.F.R. § 542.10 through § 542.16; and Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir.1986)(federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for habeas corpus relief in federal court). Smith, supra.

Based on a review of the petition, the motion to dismiss and memorandum, petitioner's response, and respondent's reply, petitioner has failed to exhaust his administrative remedies.[5]

---

[5]Respondent submitted the declaration of Jenifer G. Hollett, an attorney employed with the BOP and assigned to the South Carolina Legal Center. Hollett stated that she has access to the BOP records and the inmate administrative remedies and that a review of petitioner's records reveal that petitioner never filed any formal requests for administrative remedy on any issue or at any institution during his incarceration and that the documents that he refers to in his petition are informal requests for administrative remedy with his Correctional Counselor in November 2007 but that no formal requests were filed.

## B. MOOTNESS

Respondent also argues that this action should be dismissed as petitioner has been released from FCI Williamsburg back into the community on May 2, 2008, and there is no continuing controversy. Respondent argues that petitioner has completely ignored the Fourth Circuit precedent which holds that challenges to the disparity between protective custody conditions and general population conditions which seek declaratory and injunctive relief are mooted when the inmate is released from prison. Taylor v. Rogers, 781 F.2d 1047, 1049 (4th Cir. 1986).

As petitioner has been released, the relief sought is now moot. Therefore, it is recommended that this action be dismissed as the matter is moot.

## V.  CONCLUSION

Based on the above reasons, petitioner's claim should be dismissed in its entirety for failure to exhaust his administrative remedies and the issues are now moot as petitioner has been released. It is, therefore,

Recommended that respondent's motion (doc.  #22) be GRANTED, and  the petition be dismissed without an evidentiary hearing.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 7, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

8